UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| BENNIE BLEVINS, | ) |
|     Plaintiff, | ) CIVIL COMPLAINT <br> ) <br> ) |
| v. | ) Case No. 1:19-cv-276 <br> ) |
| MSV RECOVERY LLC d/b/a "UPSTATE SERVICES"; MARIO VACANTI | ) <br> ) <br> ) <br> ) **JURY DEMAND** |
|     Defendants. | ) |

**COMPLAINT**

Now comes BENNIE BLEVINS ("Plaintiff"), complaining as to the conduct of MSV RECOVERY LLC d/b/a "Upstate Services" ("Upstate") and MARIO VACANTI ("Vacanti") (collectively, "Defendants").

**NATURE OF THE ACTION**

1. Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* and the Ohio Consumer Sales Practices Act ("CSPA") under Ohio Rev. Code Ann. § 1345 *et seq.*

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337 as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391 as a substantial portion of the events giving rise to the claims occurred within this District.

[ 1 ]

## PARTIES

4. Plaintiff is a natural person residing in Scioto County, Ohio.

5. Upstate is a New York limited liability company.

6. Vacanti is a natural person residing in Buffalo, New York.

7. Vacanti is the owner of Upstate, and Upstate is a small agency with only a handful of employees.

8. On information and belief, Vacanti personally oversees collection activities at Upstate, including by setting Upstate's collection policies and practices.

## FACTS SUPPORTING CAUSES OF ACTION

9. Plaintiff incurred a debt for household goods of roughly $3700.

10. Plaintiff is an adjunct professor in the humanities at Shawnee State University and has a limited income.

11. He eventually fell behind on payments, and Upstate, a third-party collection agency, began calling him in December 2018 to collect upon the debt.

12. On or about December 4, 2018, Upstate called Plaintiff and demanded payment.

13. Upstate threatened to tell Plaintiff's employer, Shawnee State University, about the debt if Plaintiff did not pay that very day.

14. Upstate threatened to report Plaintiff to his employer for "check fraud" and "fraudulent stopping of payment."

15. Upstate threatened to prompt Plaintiff's employer to conduct an inquiry into Plaintiff's so-called "fraudulent activities."

16. Upstate threatened to garnish Plaintiff's wages. Upstate, however, did not have any court judgment against Plaintiff or any legal ability to garnish his wages.

17. Upstate threatened to sue Plaintiff, but Upstate never actually sues any consumers.

18. Further, Upstate is not registered as a business entity in Ohio and has no legal capability to bring a lawsuit here. Therefore, Plaintiff is informed and believes that Upstate had no intention whatsoever of actually suing him.

19. Upstate did not disclose its true name, which is "MSV Recovery LLC."

20. Upon reference, Upstate has not registered the name "Upstate Services" anywhere as a fictitious name.

21. As of December 4, 2018, no reasonable consumer—much less the least sophisticated consumer—would have no way of linking the name "Upstate Services" to "MSV Recovery LLC."

22. Plaintiff was unable to ascertain the true name of this company.

23. On December 6, 2018, Plaintiff's attorney sent a process server to the physical premises of Upstate Services, in part to learn the true name of the company.

24. The employees there refused to identify themselves to the process server and refused to furnish the true name of the company.

25. In the premises, however, in plain view was an envelope clearly showing that it was addressed to "MSV Recovery LLC."

26. On December 10, 2018, Plaintiff's attorney directed the process server to visit 20 Longmeadow Rd., Amherst, NY 14226, where Upstate had recently moved.

27. The employees had removed all signage from the building.

28. The process server found the street numbering on the ground in the bushes.

29. Upstate's employees refused to identify themselves to the process server, and they refused to furnish the true name of their company.

30. When the process server demanded to know the true name of the company, Upstate's employees began to talk in a suggestive and harassing manner about the process server's hair and physical appearance, forcing her to leave the premises.

31. Lastly, Upstate never sent Plaintiff the federally required notice known as a "1692g" notice.

32. Plaintiff has suffered anxiety, fear, confusion, aggravation, and deprivation of the ability to enforce his legal rights as a result of Upstate's actions.

### COUNT I—VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

33. Plaintiff realleges the paragraphs above as though fully set forth herein.

34. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

35. Upstate is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purposes of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so.

36. In the alternative, Upstate is a "debt collector" under § 1692(a)(6) because it regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

[ 4 ]

37. The subject debt is a "debt" as defined by FDCPA § 1692a(5) because the debt owed or due or asserted to be owed or due to another arises out of a transaction for personal, family, or household purposes.

38. Upstate violated the FDCPA in the following ways:

    a. Repeatedly failing to disclose its identity in violation of § 1692d(6);

    b. Falsely threatening garnishments in violation of § 1692e(4);

    c. Falsely threatening lawsuits in violation of § 1692e(5);

    d. Falsely claiming that Plaintiff had committed check fraud and other crimes in violation of § 1692e(7);

    e. Using a company name other than its true name in violation of § 1692e(14);

    f. Threatening to expose Plaintiff to ridicule in his place of work, even though it had no legal power to do so, in violation of § 1692e and § 1692f generally;

    g. Failing to properly issue a notice of debt pursuant to §1692g.

39. Vacanti is liable for these actions because he closely oversees and supervises the collection activities of Upstate.

### COUNT II – VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

40. Plaintiff realleges the paragraphs above as though fully set forth herein.

41. The CSPA, pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

42. Plaintiff is a "person" as defined by R.C. 1345.01(B).

43. Upstate is a "supplier" as defined by R.C. 1345.01(C). *Taylor v. First Resolution Invest. Corp.*, 72 N.E.3d 573, 600 (Ohio 2016), *cert. denied sub nom. First Resolution Inv. Corp. v. Taylor-Jarvis*, 137 S. Ct. 398 (2016).

44. Debt collection is a "consumer transaction" as defined by R.C. 1345.01(A).

45. R.C. §1345.09(B) thus grants Plaintiff a private right of action against Upstate for $200 per violation of the CSPA, plus noneconomic damages of up to $5,000 per violation in an amount to be determined at trial, plus attorney fees.

46. Upstate committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), when Upstate engaged in acts and practices in violation of the FDCPA as set forth above.

47. Such acts and practices have been previously determined by Ohio courts to violate the CSPA, R.C. 1345.01 *et seq*. *See, e.g.*, *Kelly v. Montgomery Lynch & Assocs., Inc.*, No. 1:07-CV-919, 2008 WL 1775251, at *11 (N.D. Ohio Apr. 15, 2008) ("[A]ny violation of any one of the enumerated sections of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03"); *see also Taylor v. First Resolution Invest. Corp.*, 148 Ohio St.3d 627 (Ohio 2016).

48. Vacanti is liable for these actions because he closely oversees and supervises the collection activities of Upstate.

WHEREFORE, Plaintiff respectfully requests judgment as follows:

    **a.**    Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

    **b.**    Awarding Plaintiff actual damages as provided under 15 U.S.C. § 1692k(a)(1);

    **c.**    Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

    **d.**    Awarding Plaintiff $200 per violation of the CSPA, plus noneconomic damages up to $5,000 per violation in an amount to be determined at trial, plus reasonable attorney fees (including a multiplier);

    **e.**    Awarding Plaintiff the costs of this action; and

    **f.**    Awarding any other relief as this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**

Dated:  April 16, 2019

By:  s/ Jonathan Hilton

Jonathan Hilton (0095742)
HILTON PARKER LLC
10400 Blacklick-Eastern Rd NW, Suite 110
Pickerington, OH 43147
Tel: (614) 992-2277
Fax: (614) 427-5557
jhilton@hiltonparker.com
*Trial Attorney for Plaintiff*

s/ Geoffrey Parker

Geoffrey C. Parker (0096049)
HILTON PARKER LLC
10400 Blacklick-Eastern Rd NW, Suite 110
Pickerington, OH 43147
Tel: (614) 992-2277
Fax: (614) 427-5557
gparker@hiltonparker.com
*Attorney for Plaintiff*
